PEÑA ET AL., PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a writ of Certiorari to the First District Court of San Juan.

No. 439.—Decided March 31, 1924.

ADOPTION—APPROVAL OF ADOPTION—DEATH OF ADOPTER. — District courts have jurisdiction to decide as to the approval of a deed of adoption submitted by the persons adopted after the death of the adopter, and his death does not prevent the court, in the exercise of its discretion under section 209 of the Civil Code, from inquiring into the real intention of the adopter at the time of the adoption.

The facts are stated in the opinion.

*Messrs. L. Campillo, R. Martínez Nadal* and *J. Martínez Dávila* for the petitioners.

*Mr. José E. Figueras, Fiscal,* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Falú y Benítez, in Río Piedras on the sixth day

of June, 1921, made a formal notarial deed wherein he adopted as his children the petitioners in this writ of certiorari. The deed was not presented for approval to any court in the lifetime of Manuel Falú and he died in the month of November, 1923.

On the 17th day of December, 1923, the said petitioners presented a motion to the District Court of San Juan, First Section, wherein they sought the judicial approval of the said deed of June 6th, 1921. On the 19th day of December, 1923, the said court refused to approve the deed.

Petitioners allege that they have begun proceedings touching the property of the decedent and that therefore they had recourse to this extraordinary writ. We find this a sufficient reason to invoke the original jurisdiction of this court in review of the proceedings below.

Section 209 of the Civil Code provides:

"Sec. 209. The adoption shall be accomplished by means of a public instrument, expressing therein the conditions upon which it was arranged, and it shall be recorded in the proper civil registry after having been approved by the district court.

The theory of the court was that after the death of the proposed adopter there exists no possibility of the investigation of his true will and intention. The court was also of the opinion that the proposed adopter was the only one who could invoke the jurisdiction and approval of the court; that there might have been an abandonment of intention. The court likewise held that it should have jurisdiction not only over the persons adopted but over the proposed adopter.

We quite agree with the court below that the approval to which section 209 refers is not merely ministerial, but involves an exercise of judicial action or discretion. We cannot agree, however, that the death of the proposed adopter makes the exercise of judicial action or investigation an impossibility.

In this case the proposed adopter was a man of seventy-eight years of age.  We can readily see that at that advanced age the court might want to investigate whether the proposed deed was a true reflection of the adopter's will and that there had been no fraud or undue influence practiced. Such an investigation is rendered more difficult by death, but it is not an impossibility.

The Spanish Civil Code did not contemplate even quite so much.  Section 178 thereof provides as follows:

"Sec. 178. The adoption shall be made with judicial authorization and the consent of the adopted, if of age, must necessarily be given; when a minor, that of the persons who must give consent to his or her marriage, and, when incapacitated, that of the guardian. The Department of Public Prosecution shall be heard on the matter; and the judge, after the porceedings he may consider necessary, shall approve the adoption, if it is according to law, and he believes it beneficial for the adopted."

The Spanish Legislature was considering only the interest of the adopted children.  We do not know what impelled the Porto. Rican Legislature to make a change.  Section 211 of our Civil Code contains this provision:

"Sec. 211.  Adoption is prohibitive· to persons having legitimate or legitimated children and to guardians with respect to their wards until they have rendered the accounts of their guardianship."

Now, it may be that this is a case of *expressio unius* and that the court voluntarily ought to make no other inquiry. We need not enter into that question.  Certainly, however, nothing contained in section 211 is excluded from investigation by reason of the death of the proposed adopter.

As petitioners point out, the court below has ample means of investigation and may, if necessary, obtain the assistance of the *fiscal.*

Good faith is always presumed.  Here Manuel Falú gave expression to his will and intention in a solemn deed

and this was *prima facie* a complete expression.  It was an inchoate adoption subject to the approval of the court.  The court acts as *parens patria* for the children.  It will do everything to protect their interest in the absence of fraud or the like.  However, as against the adopter, there is a completed act and a complete legitimation of the children. We find nothing in the law to the contrary and we see no reason for holding otherwise.

The persons whose adoption was proposed are parties to the deed of adoption.  If they are under age they cannot consent for themselves, but the court may consent for them, subject, after coming of age, to the right of repudiation set forth in section 210 of the Civil Code.  As petitioners had inchoate rights under the deeds, they had a right, we hold, to ask for their completion.

As to jurisdiction.  The petition, it is true, shows that all the children but one are adults and residents of Río Piedras.  The remaining child is a minor whose mother resides in San Juan and presumably the child also.  Therefore, the court had jurisdiction over the minor child and the others being adults could submit.  See for analogy, if not directly applicable, the case of *González* v. *Benítez,* 27 P. R. R. 364, decided by the Supreme Court of the United States on February 19, 1923.

The order must be annulled and the case sent back for further proceedings not inconsistent with this opinion.

*Order vacated.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.